Good morning. May it please the court, I'm Paul Gaziano from the Federal Defender Program in Rockford, Illinois. This case involves the question of defense counsel's obligation to discuss an appeal with a client and if requested to do so, file a notice of appeal. Approximately 11 months after Mr. Blake was sentenced, he filed a 2255 motion indicating, among other grounds, that he had requested a notice of appeal be filed in his case and obviously none had been filed. He had other grounds that he alleged in his 2255 motion. The trial court, the district court, dispatched those issues summarily but appointed counsel to represent Mr. Blake regarding an evidentiary hearing on the issue of whether or not an appeal had been requested. At that hearing, which was held in December of 2014, two witnesses testified. Obviously Mr. Blake testified. He requested, he testified he requested on three occasions following his sentencing as a career offender and an imposition of a sentence of 216 months, he indicated he requested to his counsel in the courtroom that he wanted a notice of appeal filed. He testified as to two subsequent meetings that were held in the Winnebago County Jail where he asked for a notice of appeal. Counsel, his privately retained counsel testified on behalf of the government and in his testimony he acknowledged only the one conversation that occurred in the well of the court shortly after the imposition of sentence. He did not recall visiting Mr. Blake in the Winnebago County Jail after sentencing. At the conclusion of the hearing, the trial court, the district court, found against Mr. Blake and we are asserting that that finding was clearly erroneous. We assert that on several grounds, your honors. First of all, the district court we believe relied on matters outside of the record to resolve an issue of credibility and that resolution was central to this case. I acknowledge this is a credibility case. The district court relied on what had not been presented in evidence, the experience of counsel. How long has Judge Reiner been presiding over criminal cases in Rockford? As a federal judge, since about 1992, your honor. As a state court judge since 1976. Pretty familiar with the bar? I assume he is, your honor. Is that something he's not allowed to consider? Well, your honor, I, first of all. Experience levels? I don't know that he, when there's nothing in the record regarding someone's experience, nothing, absolutely nothing. The government, when they put Mr. Jaswick on the stand, did not ask him how long he's been a lawyer, where he has practiced, what kind of practice he's had. None of that information is available. So, it's not like the, in an appellate court, might say an experienced district court judge in resolving an issue. I understand that. But here is a question of fact. That fact is the experience of that counsel. Secondly, it was not brought into evidence by the government. And then we have to look at the record. The record, I think, indicates that counsel did not file a sentencing memorandum, reserved the opportunity to appeal the sentence to be imposed. Did he have any discussion about an appeal with Blake? According to the record, your honor, it was a momentary conversation where Mr. Blake, he said, whispered in his ear he wanted to appeal. Mr. Jaswick said in that momentary conversation, in the well of the Your client testified that he made such a request. Jaswick said it didn't happen. He did not. And Jaswick said what? That he did not request an appeal. Mr. Jaswick testified, I believe, that Mr. Blake said he was satisfied with the sentence. It wasn't above the guidelines. It was in the middle of the guideline range, your honor. However, there was a sentence imposed on account that exceeded the statutory maximum. That was never brought to the trial court's attention until we filed an amended petition at the time of our appointment. But going back to that discussion, and I think that gets to the hub of the issue, your honors. This is a person who has been and received a 216 month sentence within the guidelines. However, if we credit Mr. Jaswick's testimony, there was absolutely no discussion about an appeal, about the merits of appeal, absolutely none. What about the defendant's family members? Did some talk about him contacting him? There was testimony by Mr. Blake that he had had his family members contact Mr. Jaswick. Mr. Jaswick denied that. What did the family members testify, or did they? They did not testify, your honor. Well... I understand. I understand that there are... So the only testimony he had is what he said, not what they actually did or did not say. Yes. The only testimony is what Mr. Blake said and what Mr. Jaswick said. And I realize it's a credibility issue. However, when we look at the record, we look at the steps that were not taken by counsel, the failure to file a sentencing for an armed career criminal status, which required a mandatory minimum of 15 years, which was only corrected the day before sentencing by the probation officer, when she realized that the qualifying crime was not a qualifying crime, the imposition of a sentence as though he were an armed career criminal on L2, the failure to address that and any subsequent proceedings... When the judge sentenced him, though, he surely told Blake that you have a right to appeal within, you know, 10 days or whatever it is. He did, your honor. So Blake was aware there was such a thing. He was, and he requested his counsel to, according to Blake, he requested his counsel to file a notice of appeal. And... Did the judge hold a hearing to determine who was telling the truth? Yes, the judge, that was the December 19th, 2014. And he credited Jaswick with that? He did credit Mr. Jaswick. Is there anything an appellate court can do in those circumstances? In reviewing the record, yes, I believe that obviously the standard is clear air. We believe that clear air exists, one, by the use of evidence outside of the record. What do you mean? Well, the experience of trial counsel, of his counsel. But, you know, the reason I raise the family members, there's somebody else that could have been brought in and testified, which probably would have been despotic, I think. If they would have said, yeah, we tried to talk to him about filing a notice of appeal, but he wouldn't see us, or we did tell him, or whatever, but nothing happened. That goes into a world of speculation, your honor. There is... I know, if we don't have witnesses called, that goes into speculation. Well, yes, but there are... You're counting on other people. Other people might be subject to rules of impeachment. There are many reasons why a witness is not called. The fact is, Mr. Blake clearly indicated he requested a notice of appeal. Okay, well, thank you very much. Thank you, your honor. Ms. Bucci? Good morning, your honors. May it please the court, I'm Talia Bucci on behalf of the government. The district court did not commit clear error in crediting Mr. Jaswick's testimony over the defendant's testimony. Now, defense counsel has argued that the court erred in relying on Mr. Jaswick's experience. The court's mention of Mr. Jaswick's experience was limited to the fact that he was an experienced attorney. This is something that could have been judicially noticed. It's not clear error for the court to make a comment about the experience of an attorney that has appeared before him multiple times. That is not clear error, and the district court considered that factor in addition to several other factors. The defendant's motivation to lie, the defendant's personal interest in the outcome, the defendant's previous felony convictions, the fact that Mr. Jaswick's testimony about the defendant's satisfaction with the sentence was logical, and the fact that the defendant had made several false statements in his 2255 motion. What do you mean by personal interest in the outcome? The district court found that the defendant had more of an interest in his testimony because he wanted to get the case before the appellate court, and he therefore had a motivation to lie. No, but he also has a motivation to have an appeal, right? That is, why couldn't the judge say, well, obviously it's in the best interest of Blake to get an appeal, so if he says that he asked his lawyer to appeal for him, file a notice of appeal, probably he did. Well, Your Honor, the district court was able to observe both the testimony of Mr. Blake and Mr. Jaswick. What does that mean, observe the testimony? He listened to the two people? Yes, he was able to listen to them. He also was able to observe their demeanor. Look, that demeanor business, demeanor cues, that's completely discredited. There's a whole scientific literature which says that the important thing is what the person says, not whether he's nervous, confident, right? Are you familiar with that? There's also matters of tone, the way the defendant is answering the question. Yes, I know, that's the whole problem. Tone, appearance, whether you squirm, whether you speak slowly, fast, loud, soft. People, that appears to be unrelated to whether people are telling the truth or lying. Your Honor, I think the issue in that case is the fact of the district court was there while the testimony was being given, and it's easier for the district court to evaluate that testimony than it is to evaluate testimony on simply a pulled record. No. What the studies show is that it is much easier to determine truth or falsity from reading a transcript than it is from looking and listening to the person, because when you're looking and listening, you're distracted by what the person looks like, mannerisms, squirming, not squirming, confidence, and so on. It's like interviews. I mean, there's a whole literature on interviews, and it says you have to be very careful about making a determination, hire a person, whatsoever, on the basis of an interview, because with an interview, you are distracted by all sorts of personal characteristics, maybe totally irrelevant to the person's ability. And therefore, it's better to rely on recommendations from a person who's really worked with or been a professor or taught a person than it is from a 10- or 20-minute interview. And I think Your Honor brings up a good point in that example in that the letters you're talking about from other people, that's corroboration, and that's another thing that was absent here. The defendant did not have corroboration of his testimony. He said that he had talked to family members, one of which who was in the courtroom, and he had talked to friends. Neither of those persons were called. He said he made calls. There's no record of those calls made. The district court found that Mr. Jaswick's testimony was more credible than the defendant's, and that decision was not clear error. Unless the court has further questions, I'll end by asking the court to affirm the district court's decision. Okay, thank you very much, Ms. Bucci. Mr. Gaziano, do you have anything further? Thank you, Your Honor. An attorney's experience is not a subject of judicial notice. I believe that that's clear. Is Mr. Jaswick a member of the CJA panel? No, he is not, at least in the Rockford area, and to my knowledge, he is not. And the trial court even indicated that he thought he was and then corrected himself in that transcript. The trial court used, as you said, his knowledge of experience, Your Honor, as proof of how Mr. Jaswick would have acted in a certain way. Well, that runs contrary to both Rules 608 and 404 of the Federal Rules of Evidence. Judicial notice is out, character, reputation is out for use as the trial judge did in this case. Cooperation. Mr. Blake is not an attorney. Mr. Jaswick is. He was asked, do you have any letters confirming a conversation saying you don't want to appeal your 216-month sentence? Do you have any time entries? Do you have any logs or do you have a statement signed by Mr. Blake saying, I don't want to appeal this 216-month sentence? The answer was no. Unless there are further questions, Your Honor. Okay, well, thank you, Mr. Gaziano. And you were appointed, were you not? Yes, Your Honor. Well, we thank you for your efforts. Well, we certainly thank you.